

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-7-2005

# Bobko v. Lavan

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3184

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Bobko v. Lavan" (2005). *2005 Decisions.* Paper 147.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/147

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-387                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3184
_____

FRANCIS BOBKO,

Appellant

V.

THOMAS LAVAN, Superintendent; NORMAN DEMMING; THOMAS STACHELEK;
EDWARD YESCAVAGE, Supervisor of Drug and Alcohol Treatment Programs;
TSHAWNA TYLER, Secretary of Grievance and Appeal; KAY KISHBAUGH; JOE
BERTONE, Drug and Alcohol Analyst; VICKI FLOHR; JEFFREY BEARD, Secretary
of Corrections; ALLEN CASTER; BARBARA K. DESCHER; RICHARD A. KIPP;
GARY R. LUCHT; NICHOLAS P. MULLER; SEAN R. RYAN; MICHAEL M.
WEBSTER; BENJAMIN A. MARTINEZ; DAVID WITHERS; JOHN ENGLE; LLOYD
WHITE; KATHLEEN ZWIERZYNA; DENNIS ZIGENFUSS; ARTHUR R. THOMAS

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 04-cv-00158)
District Judge:  Honorable Yvette Kane

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
September 29, 2005

Before: ROTH, BARRY AND SMITH, <u>CIRCUIT JUDGES</u>

(Filed December 7, 2005)

_____

OPINION

_____

PER CURIAM

Francis Bobko, a Pennsylvania prisoner proceeding pro se, appeals an order of the United States District Court for the Middle District of Pennsylvania granting summary judgment for the defendants in his civil rights action. Because this appeal does not raise a substantial question, we will summarily affirm the District Court's order.

Bobko was recommitted to prison in March 2002 as a technical parole violator for failing to report an arrest for Driving Under the Influence of Alcohol ("DUI"). The Pennsylvania Board of Probation and Parole required that he participate in drug and alcohol counseling. In October 2002, Bobko notified a prison staff member that he accepted the prison's recommendation that he participate in an inpatient substance abuse program called the Therapeutic Community ("TC"), and asked if he could start the program that week. A staff member replied that she was not certain how long a placement would take. Bobko began an outpatient program called Relapse Prevention, which he completed on January 23, 2003. Prior to Bobko's completing the program, the prison Superintendent recommended that the Parole Board deny Bobko parole.

Bobko began questioning his assessment score which resulted in the recommendation that he be placed in the TC program. Following an interview with Bobko, the Parole Board issued a notice on February 14, 2003 stating that a parole

2

decision would be made pending receipt of information as to whether prison officials recommended TC after reconsideration. Bobko was then placed in the TC program, but he refused to participate due to its religious nature. In March 2003, Bobko filed a grievance claiming a violation of his First Amendment rights, and challenging his assessment score. Defendant Edward Yescavage denied the grievance, stating that a secular recovery group called Save Our Selves ("SOS") was available, and that Bobko's score was proper given his DUI conviction. Bobko's appeals were denied. In April 2003, the Parole Board denied Bobko parole, noting that he must complete the TC program.

In January 2004, Bobko filed a civil rights action pursuant to 42 U.S.C. § 1983 against numerous prison and Parole Board officials and employees challenging the requirement that he participate in the TC program in order to be granted parole, and objecting to the program's religious content. The District Court granted the defendants' motion to dismiss the complaint in part, and converted their motion to dismiss Bobko's First Amendment claim into a motion for summary judgment. After giving the parties the opportunity to present additional materials, the District Court granted summary judgment for the defendants, and denied Bobko's subsequent motion for reconsideration. This appeal followed.

The District Court properly granted the defendants' motion to dismiss in part, dismissing two defendants Bobko conceded should be dismissed, and dismissing other individuals either because they were not personally involved in the events underlying his

3

claims or merely failed to respond to his letters about his grievance. See Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988) (stating a defendant in a civil rights action must have personal involvement in the alleged wrongs). The District Court also properly dismissed Bobko's claims for damages against the defendants in their official capacity, see Hafer v. Melo, 502 U.S. 21, 25-27 (1991), and his claim that the denial of parole violated his Fourteenth Amendment rights. See Burkett v. Love, 89 F.3d 135, 139 (3d Cir. 1996) (stating no liberty interest is created by the expectation of parole).[1]

We also agree with the District Court that the defendants are entitled to summary judgment on Bobko's First Amendment claim. The government violates the First Amendment's Establishment Clause when it requires a prisoner to participate in a drug or alcohol rehabilitation program with a religious component. See Warner v. Orange County Dep't of Prob., 115 F.3d 1068, 1074-75 (2d Cir. 1997); Kerr v. Farrey, 95 F.3d 472, 479 (7th Cir. 1996). Here, the defendants submitted evidence establishing that SOS, a secular approach to recovery, is available in the TC program. Thus, the requirement that Bobko complete the TC program as a condition of his parole does not violate his First Amendment rights.[2]

_____

[1] Although Bobko correctly stated in his opposition to the motion to dismiss that a parole denial may not be grounded in constitutionally impermissible reasons, see id., as discussed below, Bobko was not denied parole because he refused to participate in a religious-based drug program.

[2] Bobko's argument that SOS is not a viable alternative is without merit. He relies upon a document in which an official explains that SOS is not alone an alternative to TC, but is available as a framework within the TC program.

4

Accordingly, we will summarily affirm the District Court's order.[3]

---

[3]Bobko's motion for appointment of counsel is denied. <u>See</u> <u>Tabron v. Grace</u>, 6 F.3d 147, 155 (3d Cir. 1993) (stating that as a threshold matter, a claim must have arguable merit in fact and law for the appointment of counsel).